(164 App. Div. 151)

### In re THORN.

(Supreme Court, Appellate Division, First Department. October 23, 1914.)

ATTORNEY AND CLIENT (§ 44*)—MISCONDUCT OF ATTORNEY—DISBARMENT.

Where an attorney, in order to induce a client to accept a mortgage on his sister's real property, falsely represented that it was a first mortgage, and in an action to foreclose appeared on behalf of his sister and set up usury, but when the case came on for trial, after a vain attempt to get an adjournment, he allowed a default, and on a sale the mortgagee was compelled to purchase, leaving a large deficiency, respondent was guilty of such misconduct as warranted his disbarment.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 55, 56, 62; Dec. Dig. § 44.*]

Proceeding by the Bar Association of the City of New York against Frank Thorn, an attorney, for disbarment. Application for judgment on the report of an official referee. Disbarred.

See, also, 162 App. Div. 901, 146 N. Y. Supp. 1114.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Oswald N. Jacoby, of New York City, for petitioner.
S. C. Sugarman, of New York City, for respondent.

INGRAHAM, P. J. There were three charges presented against the respondent, on two of which the official referee has found him guilty. The respondent was an attorney at law, and was also engaged in certain real estate transactions. His sister, a Mrs. Witte, owned certain real estate in New York, of which the respondent had charge. One lot was improved, which was subject to a mortgage of $3,500. Mrs. Witte was pressed for money to pay charges for taxes and interest. The respondent had acted for one Gustav Sinn in procuring for Sinn a second mortgage on improved property in the city of New York. Respondent went to Sinn and said that he had a mortgage for $3,000 on a lot which would pay 6 per cent. interest. Sinn went to look at the lot and agreed to take the mortgage. Subsequently the respondent appeared with the bond and mortgage, received the $3,000, and $30 as a fee to have the mortgage papers nice and good and everything in good

order, delivered the bond to Sinn, and took the mortgage to have it recorded. It is evident that Sinn relied on respondent to look after his interests and paid him for his services, as he had no other legal advice. The mortgage did not recite that it was subject to a prior mortgage, and there was nothing to indicate to a layman that he was not receiving a first mortgage. Subsequently, when the mortgage was due, it was not paid, and when Sinn undertook to foreclose it a prior mortgage was discovered. On a sale under the judgment of foreclosure, Sinn had to buy the property, and there was a large deficiency. Sinn testified that the respondent told him that it was a first mortgage, and, relying on that statement, he agreed to take it and paid respondent the money. The respondent denied this statement, and said he told Sinn that it was a second mortgage.

The official referee, after a careful examination, found that respondent's testimony was false, and that respondent was guilty. A careful examination of the testimony satisfies us that the referee was right. It is not necessary to add anything to his careful report. If the respondent had informed Sinn that he was loaning this money on a second mortgage, it is inconceivable that he should have omitted a statement in the mortgage that it was subject to a prior mortgage. He was acting for his sister and seems to have disposed of the money himself.

There was a further charge that, when the action to foreclose the mortgage was commenced, the respondent, on behalf of his sister, interposed an answer setting up usury, but when the case came on for trial, after a vain attempt to get an adjournment, he allowed default. That this defense was false, and known to be false, follows if Sinn's testimony is true; and for the reasons stated in the report, the referee believes it, as the whole $3,000 was paid to respondent by Sinn. The referee saw the witnesses. He was impressed with the truth of the testimony of Sinn and his wife, and was satisfied that respondent testified falsely; and with his conclusion we concur, and his report is approved.

The respondent has thus added to his original offense by committing perjury before the referee to avoid the consequences of his deceit. It is evident that he is not a proper person to remain a member of the profession, and he is therefore disbarred. All concur.